**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

**MAURA CRUMP REYES,**

      **Plaintiff,**

v.                                     Civil Action No. _____

**WAL-MART INC. f/k/a "Wal-Mart
Stores, Inc.", WAL-MART
ASSOCIATES, INC., and WAL-MART
STORES EAST, LP d/b/a "Wal-Mart
Fulfillment Center #3001,"**

      **Defendants.**

## NOTICE OF REMOVAL

Defendants Wal-Mart Inc., Wal-Mart Associates, Inc. and Wal-Mart Stores East, LP (collectively "Defendants") hereby remove this action, which is now pending in the North Carolina General Court of Justice, Superior Court Division, Iredell County, Civil Action No. 25-CVS-2855, to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. Defendants provide the following "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). *Dart Cherokee Basin Operating, LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014).

## PLEADINGS, PROCESS, AND ORDERS

1. On or about August 6, 2025, Plaintiff Maura Crump Reyes ("Plaintiff") commenced this civil action by filing a Complaint in the North Carolina General Court of Justice, Superior Court Division, Iredell County, styled *Maura Crump Reyes v. Walmart Inc. f/k/a "Wal-Mart Stores, Inc.", Wal-Mart Associates, Inc., and Wal-Mart Stores East, LP d/b/a*

*"Walmart Fulfillment Center #3001," and Wal-Mart, Inc.*, Civil Action No. 25-CVS-2855 (hereinafter "Civil Action").

2. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are true and correct copies of "all process, pleadings, and orders" served upon Defendants in the State Court Action, including the Summons and Complaint ("Compl.").

3. All Defendants are represented by the undersigned counsel and consent to removal.

4, The Complaint asserts claims of sex, race, and national origin discrimination, under North Carolina public policy, as codified in N.C. Gen. Stat. § 143-422.1 *et seq.*, and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Compl. ¶¶ 54, 60).

## TIMELINESS OF REMOVAL

5. Defendants were served with copies of the Summons and Complaint through Certified Mail on August 13, 2025. As such, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within thirty (30) days from the date of service of such notice on Defendants.

## VENUE

6 Venue is proper in this Court for removal purposes. Plaintiff filed the action in the Iredell County Superior Court. Venue therefore properly lies in the United States District Court for the Western District of North Carolina, Statesville Division, the district and division embracing Iredell County, pursuant to 28 U.S.C. §§ 113(c) and 1441(a).

2

Case 5:25-cv-00147-KDB-DCK    Document 1    Filed 09/12/25    Page 2 of 8

## FEDERAL QUESTION JURISDICTION

7. Removal is appropriate in this case based on federal question jurisdiction. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint includes an allegation of violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Ex. A, Compl. ¶ 60). As a result, this case is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

8. Additionally, federal jurisdiction may be exercised over the supplemental state law claim because it forms part of the same case or controversy. 28 U.S.C. §§ 1367 and 1441.

## DIVERSITY JURISDICTION

9. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a), which confers diversity jurisdiction on the federal district courts for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different states. . . ." 28 U.S.C. § 1332(a).

10. Here, there is complete diversity of citizenship between the Parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. Plaintiff is a citizen and resident of the State of North Carolina, and resides in Iredell County, North Carolina. *See* Ex. A, Complaint, ¶ 1.

12. Walmart, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bentonville, Arkansas. As such, for diversity purposes, Walmart, Inc. is a citizen of both Delaware and Arkansas pursuant to 28 U.S.C. § 1332(c)(1).

13. Wal-Mart Associates, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bentonville, Arkansas. As such, for diversity purposes,

3

Case 5:25-cv-00147-KDB-DCK    Document 1    Filed 09/12/25    Page 3 of 8

Wal-Mart Associates, Inc. is a citizen of both Delaware and Arkansas pursuant to 28 U.S.C. § 1332(c)(1).

14. Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of the State of Delaware. For diversity purposes, a limited partnership's citizenship is deemed to be that of "all of its limited and general partners." *Martinez v. Duke Energy Corp.,* 1030 F. App'x 629, 633 (4th Circ. 2005)(*citing Carden v. Arkoma Assocs.*, 94 U.S. 185, 195-96 (1990)). WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Cen. W.Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Circ. 2011). The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Walmart, Inc. As stated above, Walmart, Inc. is a citizen of Delaware and Arkansas for purposes of diversity jurisdiction.

15. As such, as required by 28 U.S.C. § 1332 (a), complete diversity of citizenship exists between Plaintiff and Defendants.

16. As required by 28 U.S.C. § 1332 (a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17. Through her Complaint, Plaintiff seeks damages in an amount in excess of $25,000. Plaintiff also specifically alleges a claim for punitive damages, and an award of attorney's fees. (Ex. A, Compl., WHEREFORE CLAUSE )

18. Under Title VII, compensatory damages may be awarded in cases involving intentional discrimination and punitive damages may be awarded if Plaintiff demonstrates that

Defendants engaged in a discriminatory practice with malice or with reckless indifferent to a federal protected right of an aggrieved individual. 42 U.S.C. §§ 1981a, 2000e-5(g)(1). Likewise, compensatory and punitive damages are available for Plaintiff's wrongful discharge in violation of public policy claim. *See Blakely v. Town of Taylortown*, 233 N.C.App. 441 (N.C. 2014)(tort damages available for wrongful discharge in violation of public policy).

19. At the time Plaintiff last worked at Walmart on August 1, 2023, her rate of pay was $26.20 per hour and she worked approximately 35 hours per week. Thus, presuming no offset, Plaintiff's alleged back pay from the date of her termination through initial filing (on August 5, 2025) is approximately $95,000.

20. Additionally, for purpose of satisfying the amount in controversy requirement of the diversity jurisdiction statute, Plaintiff's claim for punitive damages may be aggregated with her claim for actual damages. *Bell v. Preferred Life Assur. Soc'y of Montgomery Alabama, et al.*, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943) ("where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount"); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) (punitive damages may also be included in the determination of damages to satisfy the jurisdictional requirement); *Larsen v. Assurant Inc.*, 2009 WL 1676993 *1 (W.D.N.C. June 16, 2009) (stating "the court may include punitive damages in determining the amount in controversy") (internal citations omitted). Under 4th Circuit precedent, the use of a single digit multiplier of actual damages to calculate punitive damages is presumptively permissible. *Saunders v. Branch Banking and Trust Co of VA*, 526 F.3d 142 (4th Cir. 2008).

21. Likewise, Courts may consider a reasonable estimate for attorney's fees when such fees are provided for by statute. *Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)* (where a state statute provides for the award of attorneys' fees, those fees can be considered as part of the amount in controversy for purposes of determining federal diversity jurisdiction despite statute's characterization of attorneys' fees as "costs"); *see also Cole v. Wells Fargo Bank, N.A., 2016 WL 737943, at *4 (W.D.N.C. Feb. 23, 2016)* (finding "courts may consider a reasonable estimate for attorneys' fees when such fees are provided for by statute.") Here, the Court, it its discretion, may award reasonable attorney's fees to the prevailing party under 42 U.S.C. § 2000e-5(k).

22. As such, although the Complaint does not state a specific amount in controversy, it is clear that the $75,000 amount in controversy threshold is met because of the potential amount of actual damages combined with the demand for punitive damages and attorneys' fees.

## NOTICE TO STATE COURT AND ADVERSE PARTY

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Iredell County Superior Court. *See* Notice to State Court and Adverse Parties of Removal of Action (without exhibits), attached hereto as **Exhibit B**.

## RESERVATION OF RIGHTS

24. By filing this Notice of Removal, Defendants do not waive any rights or defenses, and specifically reserve the right to assert any and all defenses and/or objections to which Defendants may be entitled.

WHEREFORE, Defendants hereby remove this action from the Iredell County Superior Court to this Court.

6

Case 5:25-cv-00147-KDB-DCK     Document 1     Filed 09/12/25     Page 6 of 8

Dated:  September 12, 2025.

        **Respectfully submitted,**

        By:  Spilman Thomas & Battle, PLLC

        */s/ Jeffrey D. Patton*
        Jeffrey D. Patton (N.C. Bar No. 21246)
        110 Oakwood Drive, Suite 550
        Winston-Salem, NC  27103
        (336) 725-4491
        jpatton@spilmanlaw.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date below, service of the forgoing *Notice of Removal* was made upon the parties by the e-Court's file and serve system, and addressed as follows:

> Clark D. Tew
> Pope McMillan, PA
> PO Drawer 1776
> Statesville, NC 28687
> ctew@popemcmillan.com
> *Counsel for Plaintiff*

On the 12th day of September 2025.

> *s/ Jeffrey D. Patton*
> Jeffrey D. Patton (N.C. Bar No. 21246)
> 110 Oakwood Drive, Suite 550
> Winston-Salem, NC 27103
> (336) 725-4491
> jpatton@spilmanlaw.com
> *Counsel for Defendants*